Ivy R. WILLIAMS, Plaintiff—
Appellant,

v.

COMMUNITY PSYCHIATRIC CLINIC,
a Washington business corporation,
Defendant—Appellee.

No. 01–35160.
D.C. No. CV–99–01908–TSZ.

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 2002.*

Decided March 12, 2002.

---

1. Indeed, ADT's own documents state that the date of hire by EPC is the continuous service start date.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before ALARCÓN, SILVERMAN, Circuit Judges, and TEILBORG,** District Judge.

MEMORANDUM***

Ivy Rose Williams appeals the district court's grant of summary judgment in her action alleging age discrimination and retaliation by her former employer, Community Psychiatric Clinic ("Clinic"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *Ray v.*

** The Honorable James A. Teilborg, United States District Judge for the District of Arizona, sitting by designation.

*Henderson,* 217 F.3d 1234, 1239 (9th Cir. 2000), and we affirm.

Williams contends that the district court erred in granting summary judgment on her claim that the Clinic violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623. However, we agree with the district court that Williams did not state a prima facie case of discrimination because she did not show that she was constructively discharged. *See Brooks v. City of San Mateo,* 229 F.3d 917, 930 (9th Cir.2000). Taking the evidence in the light most favorable to Williams, "we cannot see how a reasonable trier of fact could find that she was driven from the workplace." *See id.*

Furthermore, the district court properly granted summary judgment on Williams's claim that she was subjected to a hostile working environment. Williams must show that (1) she was subjected to verbal or physical conduct of an age-related nature; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment. *See Gregory v. Widnall,* 153 F.3d 1071, 1074 (9th Cir.1998). We agree with the district court that Williams has failed to raise a genuine issue as to whether the Clinic subjected her to intolerable or abusive working conditions. *See Crawford v. Medina,* 96 F.3d 830, 835–36 (6th Cir.1996) (a couple of age-related comments do not create a hostile working environment).

Finally, Williams argues that the district court erred by granting summary judgment on her retaliation claim. To establish a prima facie case of retaliation, Williams must show that (1) she engaged

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

in a protected activity; (2) she was thereafter subjected to an adverse employment action; and (3) a causal link exists between the two. *Ray*, 217 F.3d at 1240. The district court properly granted summary judgment because Williams has not raised a genuine issue as to whether she was subjected to an adverse employment action. *See Brooks*, 229 F.3d at 928–30.

AFFIRMED.